IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KAUFMAN,<br><br>Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, Warden,<br><br>Respondent. | Case No. 1:13-cv-01278 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus filed in this Court on August 14, 2013, pursuant to 28 U.S.C. § 2241

Petitioner is currently incarcerated at United States Penitentiary Atwater. He was convicted in the Eastern District of Tennessee of possession with intent to distribute cocaine and cocaine hydrocloride, conspiracy to distribute cocaine, felon in possession of a firearm, and possession of a firearm in relation to a drug trafficking offense. See United States v. Kaufman, 92 Fed. Appx. 253, 254 (6th Cir. 2004). On March 18, 2002, Petitioner was sentenced to three counts of life in prison, a concurrent term of ten years, and a consecutive term of ten years. Id. (See Pet., ECF No. 1 at 11.) Presently, Petitioner presents several factual challenges to the evidence used in support of his conviction. (See generally Pet.)

1

## I. SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner

may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal

court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. Here, Petitioner filed a petition under § 2255 in the Eastern District of Tennessee and the Sixth Circuit Court of Appeal denied Petitioner's request to file a second or successive § 2255. See In Re Andre Kaufman, Case No. 10-6428 (6th Cir., Sep. 12, 2011). The Sixth Circuit described Petitioner's attempts to obtain review and the substantive merits of Petitioner's claims as follows:

> Andre Kaufman, a federal prisoner proceeding pro se, moves this court for an order authorizing a second or successive 28 U.S.C. § 2255 motion.
>
> In October 2001, a jury convicted Kaufman of multiple drug and gun offenses. See United States v. Kaufman, 92 F. App'x 253, 254 n.1 (6th Cir. 2004). The district court sentenced him to concurrent terms of life imprisonment, plus ten years, and a consecutive term of five years in prison. This court affirmed his conviction. Id. at 257.
>
> In August 2002, the district court denied Kaufman's motion to vacate, set aside or correct sentence pursuant to § 2255. Kaufman did not appeal. The district court denied Kaufman's subsequent motion for relief from judgment.
>
> Kaufman now moves for an order authorizing a second or successive § 2255 motion, asserting the following grounds for relief: (1) the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose that it was financially compensating a government witness, Lloyd Pullom, to testify against him, and that it was "hiding" Pullom until trial; and (2) Kaufman's attorney committed fraud upon the court by coercing witnesses to testify against him.
>
> "Under the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal prisoner must obtain permission from the court of appeals in order to submit a second or successive § 2255 motion to the district court." In re Clemmons, 259 F.3d 489, 491 (6th Cir. 2001). Before this court will authorize Kaufman to file a second or successive § 2255 motion, he must show:
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to

4

cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Kaufman contends that the prosecution violated Brady v. Maryland by failing to disclose that it financially compensated Pullom to testify and "hid" him until trial. Kaufman asserts that Pullom's testimony was the only "nexus" connecting Kaufman to the Basswood residence where drugs, guns, and cash were found. Kaufman argues that, had the jury known about the payments, it would have undermined its confidence in Pullom's testimony, and no reasonable juror could have found that Kaufman was connected with the residence.

Kaufman argues that this evidence is newly discovered because it was unearthed by a private investigator. But Kaufman does not disclose when he retained the private investigator beyond stating that it was after trial, which occurred almost ten years ago, or when the private investigator revealed the new evidence.

But even if this proffered evidence were newly discovered and proven to be true, "viewed in light of the evidence as a whole, [it] would [not] be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Kaufman] guilty of the offenses." 28 U.S.C. § 2255(h)(1). Kaufman concedes that Pullom's statement was "brief" and that he testified that "he only met [Kaufman] one time, and on that occasion allegedly received payment from [Kaufman] for renting the residence under [Pullom's] name." Even discounting Pullom's "brief" testimony, sufficient evidence independently connected Kaufman to the Basswood residence. Kaufman states that an investigating agent testified that he observed Kaufman washing a car in the driveway. And this court on direct appeal reported that documents with Kaufman's aliases were discovered at the residence, and that Kaufman admitted that the cocaine found at the residence was his. Kaufman, 92 F. App'x at 254. Kaufman's first claim does not satisfy § 2255(h)(1).

Kaufman next claims that he recently discovered that his attorney was "laboring" for the prosecution by coercing witnesses into testifying falsely against him. But Kaufman states that it is clear from the record that his attorney was "laboring" for the prosecution. Because the evidence in question is allegedly apparent from the record, it is not newly discovered because Kaufman would have discovered it at, or shortly after, his trial almost ten years ago.

And the allegedly perjurious testimony is also not newly discovered because Kaufman indicates that he knew about it shortly after trial. And even if it were newly discovered, evidence of perjury would be insufficient, in light of the evidence as a whole, to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offenses.

Kaufman cites no new rule of constitutional law or newly discovered evidence that fall within either category cognizable under § 2255(h).

1           Accordingly, his motion for an order authorizing the filing of a
            second or successive habeas petition is denied.

2  In Re Andre Kaufman, Case No. 10-6428 (6th Cir., Sep. 12, 2011).

3           While Petitioner's subsequent § 2255 motions may be procedurally barred as successive and untimely, such an obstacle is not sufficient to show that he lacked an unobstructed opportunity to present his claims. Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). Here, Petitioner presents nearly the same evidence he presented to the Sixth Circuit in his motion to file a second or successive § 2255 motion. Petitioner presents no reason to question whether the review of his claims by the sentencing court and the Sixth Circuit was inadequate or ineffective.

           Based on the foregoing, the Court finds that Petitioner has not demonstrated that §2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## III.    CERTIFICATE OF APPEALABILITY

           A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>   (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>           (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>           (B) the final order in a proceeding under section 2255.

>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## IV.     RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 10, 2013           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE